Zel M. Fischer, Judge,
concurring.
I concur in the result of the principal opinion but write separately because I do not agree with the principal opinion’s suggestion it is not appropriate to consider the intent of the drafters of our Constitution, or the historical context in which a provision was adopted, for purposes of interpretation.[1] In my view, the fact that Metropolitan St. Louis Sewer District (MSD) is a political subdivision — not a citizen — ends the- debate of whether it is entitled to compensation for a taking under *924 article I, section 26 of the Missouri Constitution.[2] In this case, both the plain language of article I, section 26 and the constitutional debates support the result reached by the principal opinion.
Analysis
This Court has long referred to the constitutional debates when interpreting the language of a constitutional provision “in order to arrive at the reason and purpose of the Constitution.” State ex rel. Aquamsi Land Co. v. Hostetter, 336 Mo. 391, 79 S.W.2d 463, 469 (1934) (internal quotations omitted); see also Ensor v. Dir. of Revenue, 998 S.W.2d 782, 784 n. 6 (Mo. banc 1999) (relying on the debates for the proper context of the language of a constitutional provision in holding a statute was constitutional); Household Fin. Corp. v. Shaffner, 356 Mo. 808, 203 S.W.2d 734, 737 (1947) (noting it is “proper” to consider the constitutional debates when interpreting a constitutional provision).
This case provides an ideal example of why reference to the constitutional debates is a proper aid for interpretation and context. In adopting article I, section 26, the debates show a desire to maintain the language of article II, section 21 of the Missouri Constitution of 1875 — -that the state cannot take private property for pub-lie use without just compensation. See Debates of the Missouri Constitution 1945, at p. 1719; see also Mo. Const, art. II, § 21 (1875). Intertwined in the maintenance of the previous language is that the right to be free from having private property taken for public use is reserved to citizens of Missouri. Debates of the Missouri Constitution 1945, at 1718 (“There are no limitations safeguarding the citizen with reference to his property, and I desire to point out first, as a fundamental principle of dealing with this article on the Bill of Rights as I understand it, we are here to write a declaration of right on the part of the citizens against a Government even though the citizens make up that government.”) (emphasis added).
As the principal opinion correctly points out, MSD cites no case law “that has interpreted the word ‘private’ to include ‘public’ in its meaning.” Principal op. at 917.[3] Moreover, the debates show that MSD as a political subdivision would not qualify for invocation of this right because it is not a citizen. Article I, section 26 is located in the Bill of Rights of the Missouri Constitution. This Court has previously recognized, in several • respects, that political subdivisions do not have the same constitutional protections as citizens. In Savannah R-III Sch. Dist. v. Pub. Sch. Ret. Sys. *925 of Mo., 950 S.W.2d 854, 858 (Mo. banc 1997), this Court held, “Because the retrospective law prohibition was intended to protect citizens and not the state, the legislature may constitutionally pass retrospective laws that waive the rights of the state.” See also Dye v. Sch. Dist. No. 32 of Pulaski Cnty., 355 Mo. 231, 195 S.W.2d 874, 879 (1946). Similarly, in City of Chesterfield v. Dir. of Revenue, 811 S.W.2d 375, 377 (Mo. banc 1991), this Court held municipalities are not “persons” and do not have due process or equal protection rights and noted this was a holding often repeated by both state and federal courts.
Therefore, while I concur in the result of the principal opinion, MSD is not entitled to the protections found in our state Constitution’s Bill of Rights, under article I, section 26, because it is not a citizen.

. This Court just recently extensively referred to the constitutional debates to determine the proper interpretation of article I, section 13 'of - the Missouri Constitution. State v. Honeycutt, 421 S.W.3d 410, 415-16 (Mo. banc 2013).
This Court’s primary goal in interpreting Missouri’s constitution is to ascribe to the words of a constitutional provision the meaning that the people understood them to have when the provision was adopted. This Court must assume that every word contained in a constitutional provision has effect, meaning, and is not mere surplus-age, When words do not have a technical or legal meaning, they must be given their plain or ordinary meaning unless such construction will defeat the manifest intent of the constitutional provision. The grammatical order and selection of the associated words as arranged by the drafters is also indicative of the natural significance of the words employed and [t]o this extent the intent of the amendment’s drafters is influential. Weight should be given to cases interpreting'constitutional provisions at or near the time the constitution was adopted bécause contemporaries of the drafters had the greatest opportunity to fully understand the meaning and intent of the language used.
Id. at 414-15 (internal citations and quotations omitted).

. Article I, section 26 of the Missouri Constitution provides:
That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested. The fee of land taken for railroad purposes without consent of the owner thereof shall remain in such owner subject to the use for which it is taken.

. The issue in Independence-Nat’l Educ. Ass'n v. Independence Sch. Dist., 223 S.W.3d 131 (Mo. banc 2007), relied on by the principal opinion, was whether the word "employee” should be interpreted to mean private and public employee. The issues in this case are whether "private” means "public" and whether MSD is a citizen or political subdivision. Both questions are easily answered. While I do not dispute the holding of Independence-National, that case is certainly an outlier as it relates to whether the historical context and constitutional debates can assist in informing the intent and meaning of a constitutional provision.